### Seiler v. Phila. R. T. Co. et al., Appellants.

Argued October 10, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*George Henry Huft,* and with him *Bernard J. O'Connell,* for appellant.

*Seymour M. Heilbron,* and with him *Charles L. Smythe,* for appellee.

OPINION BY BALDRIGE, J., December 16, 1933:

This action in trespass was originally brought by the plaintiff against the Philadelphia Rapid Transit Company as a result of a collision between the plaintiff's automobile and a taxicab. The original defendant filed an affidavit of defense, denying that it owned or operated any taxicabs, and thereafter plaintiff issued a writ of sci. fa. joining the Yellow Cab Company as additional defendant. After the institution of the suit the plaintiff died, and his executors, Grace V. Stroh, Lottie Pearl Seiler and Lloyd R. Seiler, were substituted as plaintiffs in his stead.

According to plaintiffs' testimony, Felix G. Seiler, the deceased, on September 24, 1929, about 6:15 p. m., parked his automobile, facing north, with its right wheels against the east curb of Forty-second Street, between Walnut and Chestnut Streets, Philadelphia. Seiler opened the door on the left side toward the cartway and had one foot on the running board preparing to alight, when a northbound taxicab of the additional defendant, which he neither saw nor heard prior thereto, struck the edge of the partly opened door and broke it from its hinges.

The case was tried before Judge GLASS, without a jury, who found for the plaintiffs against the additional defendant, in the sum of $77.50. This appeal was taken.

The appellant contends that (1) there was no evidence of negligence on the part of the Yellow Cab Company; (2) Seiler was guilty of contributory negligence in opening the door without looking or listening for an approaching vehicle. The court below relied mainly on Roberts, Admr. v. Freihofer Baking Co., 283 Pa. 573, 129 A. 574. In that case the circumstances out of which the accident arose were not comparable with those in the case at bar. There, a southbound autobus was on a paved street and a rear axle was being repaired. A mechanic, at work on the right-hand side of the bus, was struck and killed by defendant's car proceeding south at the rate of 40 miles an hour. The Supreme Court held that while the question of contributory negligence was debatable, it was for the jury, as "the place was well lighted by nearby electric lights, in addition to three red lights at the rear of the bus where Roberts was at work." It appeared further that the bus was visible for 500 feet; so that the deceased was in plain sight of the truck driver in ample time for him to have avoided the accident. There was no element of speed involved in this case as the only testimony on that subject was given by Needleman, the driver of the cab, who said that he was passing the plaintiff's car at a distance therefrom of 12 to 15 inches, "and as I started to pass the rear end of his car, the door flew open in front of me," and the taxicab's front fender hit the door. There was room on the street for the taxicab driver to have gone farther to the left, but he was on his right side of the cartway and was not bound to anticipate the sudden opening of the car door by Seiler without taking precautions to look or listen before so doing. It was that unexpected action that caused the accident. Negligence could not be imputed to a failure to avoid this sudden opening of the door. The driver of the taxicab was in that portion of the

street where he had a right to be, proceeding properly, and, undoubtedly, he would have passed the car without a mishap but for Seiler's unforeseen action. In O'Malley v. Quaker City Cabs, Inc., 107 Pa. Superior Ct. 380, 163 A. 339, while the traffic conditions were dissimilar, we held that it was not negligence upon the part of a driver to pass a standing car so closely that a man making repairs underneath it with one of his feet extended four or five inches beyond the outermost edge of the running board of his car was injured. When one is about to alight from an automobile on the cartway side of the street, a duty is imposed upon him to exercise a reasonable and ordinary degree of care, by looking or listening for approaching traffic. It can hardly be contended that if Seiler himself had suddenly stepped out of his car in front of the approaching taxicab he could have recovered; and the same principle is involved in the opening of the door in the taxicab's path as it was passing.

We are all of the opinion that there was no evidence of the additional defendant's negligence, and that the damage to the car resulted from Seiler's want of care.

Judgment is reversed, and now entered for defendant.