TIMOTHY G. KEHELEY

*vs.*

LOUIS E. UHL ET AL., d.b.a. JOHN UHL CIGAR CO.

Superior Court          New Haven County          File No. 60016

MEMORANDUM FILED OCTOBER 15, 1941.

*Isadore Chaplowe,* of New Haven, for the Plaintiff.

*Robert J. Woodruff,* of New Haven, for the Defendant.

DICKENSON, J.   The plaintiff was riding in a city truck full of leaves. He sat on top of the leaves with one leg over the side of the truck. As the truck was passing down a city street with parked cars on its right the defendant, in one of these cars, opened his left door. This came in contact with a step on the passing truck and struck the plaintiff's foot. The defendant's claims are that he opened his door but a few inches to close it more tightly; that it was not opened enough to clear his running board and that the step of the truck projected enough from the side of the truck to strike it and close it. The plaintiff's answer is that the defendant must have opened it wider and was negligent in so doing without looking behind him to see if there was traffic approaching.

That conduct of this nature may be negligence is well illustrated by the case cited by the plaintiff, *Seiler vs. Philadelphia Rapid Transit Co.,* 111 Pa. Super. 69, 72, 169 Atl. 422, 423,

wherein the plaintiff sued the owner of a passing vehicle for the damages to a door that was torn from his car as he opened it and the court in giving judgment for the defendant stated that a duty was imposed upon the plaintiff "to exercise a reasonable and ordinary degree of care, by looking or listening for approaching traffic" before opening his door.

Whether or not the defendant was attempting to close his door more tightly or about to get out (there was evidence that the seat to his right was loaded with merchandise) it seems apparent that he opened it wider than he claims and that he should have looked in this busy street, before he did so.

The defendant sets up contributory negligence in his answer and claimed on trial that the plaintiff was negligent in sitting with his leg over the side of the truck. The plaintiff testified as to this that his right foot rested on a running board of the truck and that something struck his foot. His injury consisted of a fracture of the right ankle. If it was negligent to ride in this manner its connection with the accident was so remote as not to constitute a proximate cause of his injury. The real and not to be anticipated cause from the standpoint of the plaintiff was the sudden opening of the defendant's door which bridged the space between car and truck. *See* *Kinderavich vs. Palmer,* 127 Conn. 85.

Judgment is directed for the plaintiff to recover $1,200 damages.