TIMOTHY G. KEHELEY *v.* LOUIS E. UHL ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 8—decided May 8, 1942.

*Robert J. Woodruff,* for the appellants (defendants).

*Isadore Chaplowe,* with whom, on the brief, were *Vincent P. Dooley* and *Harold C. Donegan,* for the appellee (plaintiff).

ELLS, J.   The plaintiff was riding in an open dump truck containing a load of leaves which filled it to the height of the sideboards, the tops of which were about seven feet from the ground.   He was seated on top of the leaves on the right hand side of the truck, inside the top edge of the right sideboard, at about the middle of the body of the truck, with his left leg along the inner side of the top of the right sideboard and his right leg extended down and along the outside of the sideboard, his right foot resting on a ledge or runner.   As the truck was passing a coupe parked near the curb and headed in the same direction, the defendant driver, seated inside the coupe, opened the left

door and it came in contact with a step which was suspended from the ledge, in front of where the plaintiff's foot rested. The outer edge of this step was about flush with the fenders and the ledge. The plaintiff's right foot was fractured, he brought suit against the owner and the driver of the coupe, judgment was rendered in his favor and both defendants appealed. The issues are whether the court was in error in concluding that the defendant driver was negligent and that the plaintiff was free from contributory negligence, and whether the judgment was within the essential issues raised by the allegations of the complaint.

The complaint alleged that the defendant driver opened the door into and against the side of the truck with such force that the plaintiff was thrown around so that his legs swung over the side of the truck and dangled, and his right leg at the ankle was caught between the door and the truck; but the proof and the court's finding were that the right leg was at all times outside the right sideboard, with the right foot on the ledge, and the finding was only that the door of the coupe and the step of the truck "came together fracturing the plaintiff's ankle." The defendants contend that the case proved was not within the allegations of the complaint. The particular manner in which the plaintiff was sitting on the truck or in which his foot was injured by contact with the door of the car was not so essential to the cause of action alleged that the proof constituted a material departure from the allegations of the complaint. At most, there was a variance and as no objection was made to the evidence at the trial, it furnishes no ground for claiming error. *Collins* v. *Erdmann*, 122 Conn. 626, 632, 191 Atl. 521; *Antinozzi* v. *Pepe Co.*, 117 Conn. 11, 13, 166 Atl. 392.

The defendants seek numerous corrections in the

finding as to the manner in which the defendant driver opened the door of the coupe, and claim that upon the finding thus corrected there can be no conclusion that he was negligent. This door was from three to four feet wide and opened out and forward, towards the front of the car. The driver claimed he opened it only two or three inches, in order to slam it shut. The court did not attempt to decide just how far the door was opened, but said in its memorandum of decision that "it seems apparent that he opened it wider than he claims and that he should have looked in this busy street, before he did so." The finding is that the driver opened the door as the truck was passing so that the door and step came together, fracturing the plaintiff's ankle; that the driver did not look for approaching traffic before opening the door; that the only damage to the coupe was the breaking of the glass in the door and the chrome-plate molding and the buckling of the door in back of the door post; and that only the step of the truck was nicked and no other part of the truck was damaged, struck, or came in contact with any part of the coupe. The court could reasonably have made these findings and we cannot disturb them. A duty was imposed upon the defendant driver to exercise a reasonable and ordinary degree of care by looking or listening for approaching traffic before opening his door. *Seiler* v. *Phila. Rapid Transit Co.*, 111 Pa. Super. 70, 71, 169 Atl. 422. The court's conclusion that the defendant driver did not exercise this degree of care, and was negligent, must stand.

The final and principal claim of the defendants is that the plaintiff was guilty of contributory negligence as matter of law because his leg was outside the body of the truck when it was injured. The cab of the truck had passed the coupe door when the defendant driver suddenly opened it, without warning and without look-

ing for approaching traffic. It struck the step, which the court found was about flush with the fenders and the ledge of the truck. The reasonable implications of the finding are that the force of the contact threw the plaintiff's foot out and injured it. Under these circumstances we cannot say, as matter of law, that the plaintiff was guilty of contributory negligence. *Guilfoile* v. *Smith,* 97 Conn. 271, 116 Atl. 237, *Worden* v. *Anthony,* 101 Conn. 579, 126 Atl. 919, and *Hinch* v. *Elliott,* 119 Conn. 207, 175 Atl. 684, are distinguishable on their facts. The conduct of the plaintiff in the instant case did not so obviously expose him to danger as did the conduct of the plaintiff in each of the cited cases.

There is no error.

In this opinion the other judges concurred.