The within action was originally returned before a justice of the peace in Windham County and tried on the plaintiffs' complaint and the defendant's cross complaint. On June 20, 1949, the issues were resolved for the plaintiffs and judgment entered for them to recover damages in the amount of $42.24. The defendant has pursued an appeal to this court under the statute (General Statutes § 7752), and a trial de novo was had on November 7.
The following facts are not disputed: Jackson Street is a public highway in Willimantic, extending north and south. St. Joseph's Church and Rectory are located on the east side thereof, north of Valley Street, an intersecting highway. On Sunday morning, April 24, 1949, the plaintiff husband drove a Pontiac car owned jointly by himself and his wife, the other plaintiff, north on Jackson Street to attend the 9:15 mass with his four children. He parked the car parallel to the east curb of Jackson Street, south of the church and rectory, and north of the point *Page 375 
where Valley Street intersects. At the time the defendant was also operating his Plymouth sedan northerly on Jackson Street accompanied by his wife. They too were on their way to attend the 9:15 mass at St. Joseph's. Jackson Street, north of Valley Street, and in the vicinity of St. Joseph's, is about twenty-eight feet wide. The right rear fender of the defendant's car came in contact with the middle of the left door of the plaintiffs' car, resulting in both cars sustaining damages. At the time of the episode Jackson Street was active from a traffic standpoint. Cars of various persons who were attending the 9:15 mass were parked along the east and west curbs thereof in the vicinity of the church and rectory, and other cars were in motion. The highway is sufficiently wide to allow two cars approaching from opposite directions to pass simultaneously, notwithstanding the presence of parked cars along the east and west curbs. A police officer was doing traffic duty at the intersection of Jackson Street and Valley Street but was not a witness to the occurrence in litigation.
The complaint and cross complaint of the parties are grounded in negligence. The plaintiffs contend that the defendant's car struck the left door of their standing car due to the negligent manner of the operation by the defendant of his car. The defendant concedes the impact but contends that such was caused by the plaintiff husband negligently opening the left door of his car at the time that the defendant's car was abreast of it, thereby causing the impact between the middle of the plaintiffs' left door and the right rear fender of the defendant's car. The question is whether the impact was caused by the negligent operation of the defendant or the negligence of the plaintiff husband in regard to the door, or the combined negligence of both.
The plaintiff husband claims that he did not open the door but that his hand was only on the knob preliminary to doing so. It is on this point that the case rests for decision. Had the door not been opened, as the plaintiff claims, it would seem that it would have been the right front of the defendant's car which would have borne the impact rather than the right rear. This would necessarily follow in the absence of a finding that the defendant was traveling at such a speed as to cause the rear of his car to careen to the right, thereby striking the plaintiffs' car in this manner. That the door of the plaintiffs' car was in process of being opened is implicit by the points of impact on the two cars. *Page 376 
There was a duty upon the plaintiff husband "to exercise a reasonable and ordinary degree of care by looking or listening for approaching traffic before opening his door." Keheley v. Uhl,129 Conn. 30, 33 (citing Seiler v. Philadelphia Rapid TransitCo., 111 Pa. Super 69, 72). His failure to do so is found to be the sole proximate cause of the collision.
Accordingly, the issues are found for the defendant on the plaintiffs' complaint, and for the defendant on his cross complaint, with an award of damages against the plaintiffs for provable damages. Those damages are set for $16 per repair bill with interest thereon to date of $.52, totaling $16.52. Costs attach in favor of the defendant as an incident of the judgment.
In conclusion, the court states that it is mindful of the fact that the feelings between the parties on what they consider to be the moral principle at issue far transcends the monetary sums involved in the case resulting from the collision. In arriving at a different result than that obtained before the justice of the peace, the court has had recourse to the facts developed at the trial upon which the parties differed only as to interpretation, and the law as applied to those facts. That the defendant may have said to one or both plaintiffs that he would see to it that his insurance carrier would take care of the damages is not a relevant factor determining liability. See Danahy v. Cuneo,130 Conn. 213, 216, and cases there considered. Doubtless this aspect controlled the outcome in the lower court.
 As already stated, damages are awarded the defendant on his cross complaint in the amount of $16.52 together with costs.