[Civ. No. 17510.   Second Dist., Div. Three.   Sept. 26, 1950.]

HOMER WEST et al., Appellants, v. IRVIN B. HOUSE et al., Respondents.

James C. Webb for Appellants.

Eugene S. Ives for Respondents.

WOOD (Parker), J.—In this action for damages resulting from a collision of automobiles, judgment was for defendants. Plaintiffs appeal from the judgment.

Plaintiff Mr. West was driving his automobile east on 10th Street in Long Beach. The street extends easterly and westerly, is 36 feet wide, and a single white line is in the center of it. Plaintiff Mrs. Buell, who is a sister of Mr. West, was riding with him as a passenger.

Mr. West testified that he was driving about 12 miles per hour, about 4 feet from the white line, and about 2½ feet from the automobiles parked on the south side of the street; he was driving slowly because the street is narrow, dangerous, and a bad spot; he did not know there was going to be an impact; that "it seemed like there was a sort of a flash, and

something came towards me, and that is all I know''; the right side of his automobile came in contact with the door of an automobile parked on the south side of 10th Street, and it threw his automobile out of control and over in the other lane, the north half of 10th Street, and an automobile going west in that lane hit his automobile and turned it over on the sidewalk on the north side of the street; he did not notice the parked automobile before the accident; there was no damage to the front of Mr. West's automobile.

At the time of the accident, defendant Mr. House was in the driver's seat of his automobile which was parked (facing east) on the south side of 10th Street—the right wheels being about 6 inches from the south curb, and the rear wheels being about 14 feet from the intersection of 10th Street and Hoffman Street. (Hoffman Street extends northerly and southerly and is west of the scene of the accident.) The left front door of his automobile is 4 feet wide, is hinged at the front and opens from the rear. He looked, by use of the rearview mirror, to the rear of his automobile and did not see any automobile approaching. Then he opened the left front door about 10 inches, that is, about 3 inches beyond the outer edge of the "fender line." (It is 7 inches from the closed door to the outer edge of the fender.) He held the door open, to that extent, about 40 seconds or "not over 2 minutes," and then it was struck by Mr. West's automobile. The impact did not pull the door out or away from the automobile—just pushed the door, "kind of telescoped it." There was no damage to any other part of Mr. House's automobile.

Mr. Lee, the driver of the automobile which struck Mr. West's automobile, testified that he (Mr. Lee) was driving west on 10th Street about 25 miles per hour and about 2 feet from the center line; a few automobiles were traveling in each lane on that street, and some automobiles were parked at each side of the street; he saw Mr. West's automobile very shortly before he struck it; that automobile was going "pretty fast" diagonally across 10th Street and toward Mr. Lee's automobile; Mr. Lee applied his brakes but the front of his automobile struck the "midsection" of the right side of Mr. West's automobile; Mr. Lee's automobile stopped immediately after the impact but Mr. West's automobile went on across the street, over the curb, across the sidewalk and turned over; after that impact Mr. West's automobile went 18 or 20 feet before it turned over; Mr. West said to him, "Why did you

run into me?'' Mr. Lee replied: "I couldn't help it. You came across the street right in front of me, and you hit the car parked over there.'' Mr. West said, ''What car? I didn't know I hit a car.'' (Mr. West denied that he had that conversation or conversation to that effect.)

Mr. English, a witness called by defendants, testified that he saw Mr. West's automobile prior to the accident when it was about 50 feet away from Mr. House's automobile and it was going about 20 to 25 miles per hour; and the door of Mr. House's automobile was open 8 or 10 inches.

Appellants (plaintiffs) contend that the evidence is insufficient to support the finding that Mr. House did not negligently cause the door of his automobile to come in contact with Mr. West's automobile. They argue that as a matter of law Mr. House was negligent. In support of that argument they refer to the facts that the street was narrow, and that only the door of Mr. House's automobile was damaged. They refer further to the testimony of Mr. House that he held the door open for 40 seconds or not over 2 minutes; that when he opened the door he did not look backward to ascertain whether vehicles were coming but he looked in the rearview mirror. They argue further that he should not have relied on the rearview mirror, but he should have looked to the rear and continued to look there while the door was open. ■ Whether or not the defendant Mr. House was negligent was a question of fact for the determination of the trial court. There was evidence that Mr. House's automobile was parked properly, that he looked to the rear through a mirror and did not see any approaching automobile, and that he opened the door to the extent of 3 inches beyond the fender line. ■ It was not unlawful on August 2, 1947, the date of the accident, to open a door of a vehicle on the side available to moving traffic. It is true that at present there is a provision in the Vehicle Code (§ 596.6) to the effect that no person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, nor shall any person leave a door open on such side for a period longer than is necessary to load or unload passengers. That section became effective September 19, 1947. Under the circumstances here, it cannot be concluded as a matter of law that Mr. House was negligent.

It appears, however, that the court did not find that Mr. House was not negligent. The court found that it is not true that the defendants or either of them did so negligently oper-

ate, manage and control said defendants' vehicle "as to cause, or it did cause," said vehicle to come in contact with plaintiff's vehicle, or did cause plaintiff's vehicle to go out of control and into the path of an oncoming vehicle from the opposite direction. It is to be noted that the finding is to the effect that neither of the defendants did *"so negligently"* operate their automobile *"as to cause"* or that *"it did cause"* their vehicle to come in contact with Mr. West's vehicle. (Italics added.) In other words, it appears that the court found that Mr. House did not operate or control the automobile so negligently "as to cause" the accident or so negligently that "it did cause" the accident. It is implicit therein that Mr. House was negligent but not so negligent that he caused the accident.

The court also made a finding, under the heading of Conclusions of Law, that "it is not true that the injuries or damages sustained by the plaintiffs, or either of them, was due to any" carelessness, negligence, or recklessness of the defendants or either of them. That is in effect a finding that any negligence of defendants or either of them was not a proximate cause of the damages. ▮▮▮ Whether or not negligence of Mr. House was a proximate cause of the accident was a question of fact for the trial court. The court could have inferred that, under the circumstances here, negligence of Mr. West was the sole proximate cause of the accident, in that he was driving too fast on the narrow street and too close to the parked automobile. There was evidence that he was driving 20 to 25 miles per hour and "pretty fast," and after the impact his automobile crossed the street, went over the curb and turned over; and that he drove within 3 inches of the parked automobile. The court found that immediately prior to and at the time of the occurrence of the accident Mr. West was negligent in that, among other things, he operated his vehicle in a negligent manner in that he failed to exercise for his own safety that degree of care which a reasonably prudent person under the same or similar circumstances would have exercised. In view of that finding and the finding above mentioned that it is not true that the damages sustained by plaintiffs were due to any negligence of either defendant, it appears that the court found impliedly that the negligence of Mr. West was the sole proximate cause of the accident.

▮▮▮ Appellants also contend that appellant Mrs. Buell was entitled to judgment. She was a passenger in Mr. West's automobile, and the court found that she and Mr. West were

not engaged in a joint enterprise, and that any negligence on his part was not imputable to her. Since, as above mentioned, the findings were to the effect that negligence of Mr. House was not a proximate cause of the accident, she was not entitled to a judgment in her favor.

■ Appellants also contend that the court's refusal to make findings respecting paragraphs III and IV of the second cause of action constitutes prejudicial error. The allegation in said paragraph III is in substance that as a direct and proximate result of the aforesaid negligent acts of defendants the plaintiff Mrs. Buell was thrown violently about and she sustained personal injuries and was forced to incur medical expenses to her damage in certain sums of money. The allegation in said paragraph IV is that her injuries are permanent and that in the future she will suffer pain therefrom and will be forced to incur additional medical expense to her further damage in a certain sum of money. In the findings it is stated that it is not necessary to the decision to make findings as to the injuries or damages sustained by plaintiff Mrs. Buell and therefore the court makes no findings as to said paragraphs III and IV. It was not necessary to make findings as to the extent of Mrs. Buell's injuries and medical expenses, since the court found there was no liability on the part of defendants or either of them. As to the allegation in paragraph III regarding the "proximate result of the aforesaid negligent" acts of defendants, it was not necessary to make a finding with special reference thereto, since the matter of negligence was covered in other findings.

■ Appellants contend further that the court made inconsistent findings with respect to whether Mr. West was contributively negligent. One of the findings referred to, paragraph (4), was made by stating that the allegations of the *second* defense *are true*. Those allegations, in part, were substantially as follows: That Mr. West was himself negligent in that he operated his vehicle in a negligent manner in that he failed to exercise for his own safety that degree of care which a reasonably prudent person under the same circumstances would have exercised. The other finding referred to, paragraph (5), stated that the allegations of the third defense *are not true*. Those allegations, in part, were substantially as follows: That Mr. West in the operation of his automobile failed to exercise that degree of care for his own safety, as well as that of Mrs. Buell, which a reasonably prudent person under the same circumstances would have exercised.

All the allegations of the second defense, considered together, show that the issue presented therein was contributory negligence on the part of Mr. West. In addition to finding the allegations of that defense to be true, the court found, under the heading of Conclusions of Law, that such injuries as plaintiffs sustained were proximately caused by the negligence of Mr. West. It is clear that the court found that Mr. West was guilty of negligence proximately causing the accident. All the allegations of the third defense, considered together, show that the basic issue presented therein was that Mrs. Buell was engaged in a joint enterprise with Mr. West. As a part of the defense based on that issue it was alleged further that Mr. West was negligent, as above stated, and that his negligence was imputable to her. In finding that the allegations of that defense are not true, it is apparent, in view of the basic issue of joint enterprise therein and in view of findings elsewhere that Mr. West was negligent, it was intended to find that they were not engaged in a joint enterprise and that any negligence on his part was not imputable to her. It is apparent that the court, in making the finding by reference to all the allegations of that defense, inadvertently failed to except, from the finding that those allegations were not true, the allegation that Mr. West was negligent.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.