## Maconeghy v. Walter

Before Eagen and Robinson, JJ.

*Welles & Mackie,* for plaintiff.

*James W. Scanlon,* for defendant.

ROBINSON, J., March 7, 1951.—This is a rule to take off compulsory nonsuit.

Plaintiff sued in trespass alleging defendant was negligent in operating his automobile so as to run into plaintiff's parked truck.

On the late morning of September 5, 1950, a clear day, plaintiff, operating an open body pickup truck north on Capouse Avenue in the City of Scranton drew

up to the curb on the east side of the street and stopped. Plaintiff and a helper were on a mission to disconnect and remove a radiator. The street at this point is 50 feet wide, occupied by double street car tracks. The truck was parked four inches from the curb. Plaintiff looked in the rear view mirror and opened the left front door of the truck; his helper alighted on the right side and stood on the sidewalk. A set of tools lay on the floor of the truck below the seat and plaintiff directed the helper to take tools necessary for the removal of the radiator. The process of selecting tools continued for five or ten minutes during which time the left door was ajar, held and secured only by the left arm of the plaintiff. Plaintiff during the discussion with the helper was sitting in the driver's seat and had his back toward the cartway at which he had not looked after his initial glance into the rear view mirror.

At that point defendant was driving his car north on Capouse Avenue and as he passed plaintiff's truck the rear fender of his car struck the lower corner of the unsecured left door on the plaintiff's truck causing it to swing and hit the truck's front fender. Plaintiff testified that there was a scratch on the left rear fender of the truck "that was not there before". The only damage to defendant's vehicle was a hole in the right rear fender where it came in contact with the corner of the truck's door. Plaintiff testified on cross-examination:

"When I stopped I glanced in the mirror and there was nothing coming and I turned around and talked to Bob (the helper) and then opened the door to get out, and I turned around and I kind of leaned on the window of the door frame.

"Q. And the accident happened?

"A. The accident happened, yes."

Plaintiff claimed damages for the cost of repairing the truck and for personal injuries to his arm and

514

leg. At the conclusion of plaintiff's testimony the trial judge granted defendant's motion for a compulsory nonsuit.

Plaintiff contends . . . "that this case falls under the general rule that striking a parked car creates an inference of negligence" (citing Grutski v. Kline, 352 Pa. 401). The argument for plaintiff is presented in the following fashion:

"In this case the door was partly opened 5 to 10 minutes before the accident and remained in that state so that defendant could have observed the condition and taken steps to avoid the accident if he had been observant and had his car properly under control".

The difficulty with plaintiff's position is threefold. First, plaintiff is confronted with the fundamental rule of negligence law that liability may not be imposed because of the mere happening of an accident: Wenhold v. O'Dea, 338 Pa. 33. The case is not one of driving into an unattended vehicle parked on the side of a highway. Defendant did not run into plaintiff's truck. The impact was between the rear fender of defendant's car and the protruding door of the truck which at that time was in the sole control of plaintiff. Second, the record is barren of any evidence as to the manner in which defendant was driving his car. There is no testimony as to the speed of defendant's vehicle or the distance between the vehicles at the moment of impact. While there is testimony as to a scratch on the left fender of the truck there is no evidence as to its depth or extent or location and no evidence that it had any connection with what occurred. We further observe that the entire front portion of defendant's car had safely passed the point of the collision and this taken with plaintiff's testimony that he leaned on the door "and the accident happened" leaves the only possible inference that the proximate cause of the collision was the conduct of plaintiff, who was in sole control of

the unsecured door, rather than that of defendant who was operating his car where he had a right to be. Third, the duty of observing, and being attentive was not upon defendant alone. Plaintiff was also·required to be observant and his duty after opening the door into the cartway was not discharged by the initial look into the rear view mirror. He was required to look and listen for the approach of oncoming traffic during every instant that the door, in his hands, protruded into the area overlying the cartway. See Seiler v. Phila. R. T. et al., 111 Pa. Superior Ct. 69. Plaintiff's inattention in respect to his duty is itself negligence preventing recovery and requiring the entry of a nonsuit: Sargeant v. Ayers, 358 Pa. 393.

Now, March 7, 1951, the rule to take off the compulsory nonsuit ·is discharged.