**KUZMINSKY v. WAGNER, to Use of FIDELITY & GUARANTY INS. CORP.**

**No. 1177.**

Municipal Court of Appeals for the District of Columbia.

Argued March 3, 1952.

Decided March 24, 1952.

Alvin L. Newmyer, Jr., Washington, D. C., for appellant. Selmer R. Johnson, Washington, D. C., also entered an appearance for appellant.

J. Joseph Barse, Washington, D. C., with whom H. Mason Welch, John R. Daily and J. Harry Welch, all of Washington, D. C., were on the brief for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Plaintiff sued for damages resulting from a collision between his automobile and the defendant's. Defendant filed a counterclaim for his damages. On trial by the court without a jury there was finding and judgment in defendant's favor on both the claim and the counterclaim. On this appeal plaintiff asks that the judgment be reversed on the ground that it was plainly wrong and without evidence to support it.[1]

According to plaintiff's testimony he was driving on Upshur Street at a speed of 15 to 20 miles an hour and about 15 feet ahead of him was another car traveling at about the same speed; that defendant's car was parked at the curb in approximately the middle of the block and other cars were parked in front and behind it; that the car which plaintiff was following passed defendant's car without mishap, but as plaintiff's car came abreast of the rear bumper of defendant's car the left front door of defendant's car was suddenly pushed open about halfway and plaintiff had no opportunity to avoid striking the open door with the right front of his car.

Defendant's testimony was that he had crossed the street from a library with several books under his arm, approached his parked car from the street side, opened the left front door, placed the books on the seat, got in the driver's seat and was clos-

---

[1]. See Code 1940, Supp. VII, § 11–772(c). See also Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9.

412

ing the door when plaintiff's car struck it; that he looked for and saw no oncoming traffic as he crossed the street and looked again when he reached his car and saw no approaching cars in the block; that he did not look again and never saw plaintiff's car until the collision; and that a period of about 15 seconds elapsed from the time he reached his car until he was in the process of closing the door.

In addition to the foregoing testimony there was received in evidence traffic regulation No. 113, reading as follows: "No person shall open a door of a vehicle on the side where traffic is approaching unless it can be done without interfering with moving traffic or pedestrians and with safety to himself or passengers."

 Plaintiff argues that the evidence conclusively established a violation by defendant of the quoted traffic regulation, and that under the doctrine of Ross v. Hartman[2] defendant was negligent as a matter of law. It will be observed that the traffic regulation in question is not an absolute prohibition against opening a car door on the traffic side. The door may be so opened when it can be done without interference with moving traffic or with pedestrians and with safety to those in the car. Thus what amounts to a violation of the regulation depends on surrounding circumstances and will generally be a question of fact. If defendant's testimony be accepted, then his act of opening the door created no interference with traffic and endangered no one. Whether the door was permitted to remain open for sufficient time to constitute a traffic hazard was a question of fact as was the question whether plaintiff by use of reasonable care should have observed the open door in sufficient time to avoid striking it.

In this case as in most collision cases, negligence and contributory negligence are questions of fact. Testimony of the parties does not have to be accepted at its face value. Even though not directly contradicted, it is nearly always controverted by inconsistency of the two versions. Testimony as to time, speed and distance is usually approximate and often shaded in favor of the testifying party. The trier of the facts, whether court or jury, must weigh the credibility of the witnesses, consider the surrounding circumstances, draw inferences, and reach a conclusion as to the preponderance of the evidence. On the record in this case, we cannot say that the conclusion of the trial court was either plainly wrong or without evidence to support it. Appellant has cited a number of cases which he claims support his argument,[3] but they are all distinguishable on the facts.

Affirmed.

2. 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, certiorari denied 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080.

3. Pearlman v. Misner, Mun.Ct., 36 N.Y. S.2d 646; Valanda v. Baum & Reissman, Inc., 3 Cir., 113 F.2d 188; Keheley v. Uhl, 129 Conn. 30, 26 A.2d 357; Christiansen v. Hollings, 44 Cal.App.2d 332, 112 P.2d 723; Tarrant v. Pepsi Cola Bottling Co., 221 N.C. 390, 20 S. E.2d 565; Seiler v. Philadelphia Rapid Transit Co., 111 Pa.Super. 69, 169 A. 422. See also West v. House, 99 Cal. App.2d 643, 222 P.2d 269.