[L. A. No. 23806. In Bank. Oct. 28, 1955.]

ANTHONY ROGERS, Respondent, v. LOS ANGELES TRANSIT LINES et al., Appellants.

Melvin L. R. Harris, David S. Smith, Parker, Stanbury, Reese & McGee and William C. Wetherbee for Appellants.

F. Murray Keslar for Respondent.

CARTER, J.—Defendants, Los Angeles Transit Lines, hereafter called Transit Lines, a common carrier of passen-

gers by bus in Los Angeles, Feb, the driver of one of its buses, Langendorf United Bakeries, hereafter called Langendorf, a corporation operating trucks delivering its products, and Harmell, the driver of one of its trucks, appeal from a judgment entered on a jury verdict for damages for plaintiff for personal injuries alleged to have been suffered by plaintiff as the result of defendants' negligence. Plaintiff's right arm was injured when he was resting it on the window ledge of Transit Lines' bus in which he was riding as a passenger when it collided with the rear door of Langendorf's truck.

Plaintiff was riding as a regular passenger on a Transit Lines' bus driven by Feb. He was seated on the right rear side of the bus beside a window. The day was warm and that window and others were open. The window ledge was shoulder high to plaintiff, and he was resting his right arm on it with his elbow protruding beyond the outside of the ledge. The bus was being driven on Beverly Boulevard, a street having three lanes on each side of its center including the one next to the curb. Langendorf's truck was parked on Beverly Boulevard in the curb lane about halfway between two streets intersecting Beverly. The bus swung to the curb lane and made a stop. The driver proceeded ahead swinging the bus out toward the center lane (of the three lanes) and around the truck. He drove so close to the truck that plaintiff's elbow collided with the door on the end of the truck which was open and in that position extended beyond the side of the truck. As a result thereof plaintiff suffered the injuries for which he was awarded damages against all four defendants.

Defendants Transit Lines and Feb contend that as a matter of law they were not negligent; that plaintiff was contributively negligent and had assumed the risk; and that there was error with respect to the jury instructions.

█ It is conceded by those defendants: ''[T]he duty of care owed to a passenger by a common carrier includes the use of the utmost care and diligence for his safe carriage.'' (*McBride* v. *Atchison, T. & S. F. Ry. Co.*, 44 Cal.2d 113, 116 [279 P.2d 966].) █ In the light of that rule the jury could properly conclude, as it did, that the bus was driven too close to the parked truck for safety. The bus was 105 inches wide; the middle lane in which it was proceeding was 108 inches wide. While no part of the bus contacted any part of the truck, the proximity of the bus

to the truck was evident. Plaintiff's elbow was struck and it protruded only 2 to 4 inches beyond the window sill. The rear door of the truck when open extended 4 inches beyond the fender, the widest part of the truck. Plaintiff testified that the door on the truck was opened just before his elbow was struck, and it was for the jury to decide that the bus driver should have anticipated that might happen; that it was not an independent intervening cause such as would break the chain of causation. (See *Richardson* v. *Ham,* 44 Cal.2d 772 [285 P.2d 269]; *Austin* v. *Riverside Portland Cement Co.,* 44 Cal.2d 225 [282 P.2d 69].) There were no guards or bars on the bus window. It is common practice for a person to rest his arm on the window sill of the vehicle which he is driving or in which he is riding and allow his elbow to protrude to some extent beyond the window sill.

While it would appear that the doctrine of res ipsa loquitur is clearly applicable as between plaintiff and Feb and Transit Lines, plaintiff did not invoke the doctrine either in the trial court or on this appeal. It may be relied upon, however, to support a judgment even though plaintiff offers no jury instruction on the subject and none is given. (*Jensen* v. *Minard,* 44 Cal.2d 325 [282 P.2d 7]; *Rose* v. *Melody Lane,* 39 Cal.2d 481 [247 P.2d 335].)

It is clear that the jury was not required to find plaintiff was contributively negligent or that he had assumed the risk. In addition to the evidence above mentioned plaintiff testified that he had no awareness of impending danger before the accident happened and that he did not think his arm could be hit; he was not watching the traffic.

Resting the arm on the window sill such as was done here does not constitute contributory negligence as a matter of law; it is a question for the jury. (See *Albania* v. *Kovacevich,* 44 Cal.App.2d 925 [113 P.2d 251]; *Ivancich* v. *Davies,* 186 Cal. 520 [199 P. 784]; *Gornstein* v. *Priver,* 64 Cal.App. 249 [221 P. 396]; 40 A.L.R.2d 233; 157 A.L.R. 1212; 5 L.R.A.N.S. 274; Ann.Cas. 1916C, p. 1218.) While there are a few authorities to the contrary, the great weight of authority is as stated. (See authorities cited *supra.*)

As to assumption of the risk the jury was justified in concluding that plaintiff did not have actual knowledge and appreciation of the danger involved so as to consent to the risk and the facts do not show that he knew of and appreciated the hazard. (See *Prescott* v. *Ralphs Grocery Co.,* 42 Cal.2d 158 [265 P.2d 904].) He was not required

to anticipate that Transit Lines and Langendorf would be
negligent. Plaintiff could not have assumed the risk at all
unless he actually saw that the door of the Langendorf
truck was open some time before it struck his elbow and
also knew that the bus was being driven too close to it.

 While a person, if fully informed, may assume the
risk even though the dangerous condition is caused by
the negligence of others (*Prescott* v. *Ralphs Grocery Co.,
supra,* 42 Cal.2d 158, 162). "The plaintiff does not assume
the risk of any negligence which he has no reason to antici-
pate, but once he is fully informed of it, it is well settled
that the risks arising from such negligence may be assumed."
(Prosser on Torts, p. 385.)

 Transit Lines and Feb claim error in the refusal to
give their offered instruction on assumption of risk. Suffice
it to say the offered instruction was erroneous in that it
advised the jury that plaintiff would assume the risk if in
the exercise of ordinary care he would have known and
appreciated the danger rather than that he must have knowl-
edge of the danger (see *Austin* v. *Riverside Portland Cement
Co., supra,* 44 Cal.2d 225; *Prescott* v. *Ralphs Grocery Co.,
supra,* 42 Cal.2d 158). Under the last cited authorities the
trial court was under no duty to correct the instructions.

 Transit Lines and Feb also claim error in the omis-
sion from an instruction of the following statement: "If,
prior to the trial, the deposition of a party to the action
was taken, and if part or all of it was read into evidence,
and if you should believe that in said deposition he made
*contradictory statement or* statements in conflict with his
testimony here in court, you may consider such conflicts, and
any explanations given therefor, in testing his credibility,
in like manner as if all such testimony were given originally
at the trial. *The deposition, too, was given under oath.
Also, if any statement in a party's deposition constituted
an admission against interest, it may be considered in deter-
mining the truth or falsity thereof as well as in judging his
credibility."* The parts italicized were omitted and it is
asserted that the portion with respect to admissions should
have been left in. The instruction as given adequately covers
the subject.

 Defendants Langendorf and Harmell contend prejudicial
error was committed in the giving of the following instruction
at plaintiff's request: "You are instructed that Section 596.6

of the Vehicle Code of the State of California provides as follows:

"Section 596.6—Opening and Closing Vehicle Doors.

" 'No person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, nor shall any person leave a door open upon the side of a vehicle available to moving traffic for a period longer than necessary to load or unload *passengers.' "* (the word "passengers" was omitted although it appears in the code section mentioned) ; that conduct in violation of section 596.6 is negligence *per se* and requires a presumption of negligence but it is rebuttable and "may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence. In this connection, you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induce him, without moral fault, to do otherwise." Defendants assert the section has no application to the rear doors of panel trucks; and that inasmuch as Harmell, the operator of the truck, testified that he had both doors open to unload merchandise and while the left door extended beyond the body of his truck it did not protrude beyond the white line of the curb lane in which he was parked, the jury would no doubt have found him free from negligence if properly instructed.

 Section 596.6 refers to the opening of a door of a "motor vehicle" and that term as defined in the Vehicle Code includes trucks. (Veh. Code, § 32.) The reference to loading and unloading passengers does not limit its application to passenger vehicles. There is no provision bearing upon a door left open to unload merchandise and in that respect the instruction was more favorable to defendants than required by the section. The instruction and section do nothing more than prescribe the conduct of a man of ordinary prudence with respect to opening doors on the traffic side of vehicles. (*West* v. *House,* 99 Cal.App.2d 643 [222 P.2d 269].) We hold, therefore, that the instruction was proper; the question of defendants' negligence was for the jury. (*West* v. *House, supra,* 99 Cal.App.2d 643.)

The judgment is affirmed. ·

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.