[Civ. No. 553.   First Appellate District.—March 17, 1909.]

# MANUEL VIERA, Respondent, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Corporation, Appellant.

NEGLIGENCE OF RAILWAY COMPANY—FIRE ORIGINATING IN DRY GRASS ON RIGHT OF WAY—DESTRUCTION OF PLAINTIFF'S PROPERTY—SPARKS FROM LOCOMOTIVE—EVIDENCE—PROVINCE OF JURY.—In an action to recover the value of seventy-four cords of plaintiff's stove-wood destroyed by fire alleged to have had its origin from sparks from defendant's locomotive falling on dry grass negligently allowed to accumulate upon its right of way, and to extend to plaintiff's property, the jury, in finding a verdict for the plaintiff, had the right, within its province, to make all reasonable inferences of fact from the evidence in the light of common knowledge, and though the sparks from the locomotive were not seen to fall upon the grass, the jury could infer from evidence that the dry grass was seen on fire upon the right of way immediately after the passage of the train, and that the wind was blowing directly toward plaintiff's land, and it extended thereto, to plaintiff's loss, that the fire had its origin from sparks which issued from defendant's locomotive.

ID.—BURDEN OF PROOF OF NEGLIGENCE—DEGREE OF PROOF—SUFFICIENCY OF PROOF.—Though the burden of proof is upon the plaintiff to show the negligence of the defendant, it need only be proved by a preponderance of the evidence sufficient to satisfy the minds of the jury as reasonable men. *Held,* that the evidence is sufficient to justify the jury in finding that the fire was caused by defendant's passing engine.

ID.—NEGLIGENCE IN SPARKS FROM ENGINE ON DRY GRASS.—To allow sparks to escape from an engine in full blast, and to allow dry grass on its right of way, on which the sparks would fall and kindle a fire, are sufficient facts from which to infer negligence, and to overcome evidence that the engine was thoroughly equipped with proper apparatus to prevent the escape of sparks.

ID.—INSTRUCTION AS TO CONTRIBUTORY NEGLIGENCE OF PLAINTIFF—MODIFICATION—AGENTS AND EMPLOYEES—DUTY OF DEFENDANT.—Where a proper instruction was given upon the subject of the contributory negligence of the plaintiff, if the defendant wished it modified so as to include the agents and employees of the plaintiff, it was its duty to request such modification.

ID.—OBJECTION UPON APPEAL FOR FIRST TIME.—It cannot be objected upon appeal for the first time that an instruction which was correct in general should have been more explicit and specific as to some particular theory claimed by appellant.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

E. W. Camp, A. H. Van Cott and U. T. Clotfelter, for Appellant.

W. S. Tinning, for Respondent.

COOPER, P. J.—Plaintiff brought this action to recover the value of seventy-four cords of stove-wood alleged to have been destroyed by fire on the tenth day of June, 1904, it being claimed that said fire originated from sparks escaping from defendant's engine and falling upon the dry grass on its right of way, causing the grass to ignite, that the flames extended to and burned the grass upon plaintiff's adjoining land, thus setting fire to and burning the stove-wood.

It is alleged that the fire was caused by defendant's negligence in allowing dry grass and combustible materials to accumulate upon its right of way, and in allowing burning particles or sparks to escape and fall from its engine upon the said dry grass and set fire to it.

The jury, after hearing the evidence, returned a verdict for plaintiff in the sum of $481, which judgment was duly entered. Defendant made a motion for a new trial, which was denied, and this appeal is from the judgment and the order denying such motion..

There is no dispute as to the facts that a fire occurred, that the plaintiff's stove-wood was burned and destroyed, and that its value was $481. The main contention of the defendant is that the evidence is insufficient to sustain the verdict.

We conclude, after a careful examination, that there is sufficient evidence to support the verdict.

The jury had the right not only to believe all the evidence tending to support the verdict, but to draw all reasonable inferences therefrom. There was evidence tending to show that the fire was first seen burning on defendant's right of way, or on plaintiff's land just south of the right of way, almost immediately or only a few moments after defendant's engine and train had passed; that the fire appeared to have

burned the grass on the south side of the right of way, and was being driven by a strong northwesterly wind making its way rapidly southward; that no one had been at or near the immediate spot where the fire appeared to have started on the morning it occurred; that sparks had often been seen escaping from the smokestacks of defendant's engines as trains were passing. No one saw the fire from the engine fall to the earth and kindle the grass into a blaze.

We apprehend that there are few cases of damage caused by a defendant's negligence in setting fire, or allowing it to escape, in which anyone actually saw the fire at the moment it escaped, or the place when it first started. It was the duty of the jurors to ascertain the truth as to every fact in issue, and from experience and common knowledge to make reasonable inferences from such fact or facts. The burden was upon plaintiff to prove that the fire was caused by defendant; that it was also due to defendant's negligence; but such proof need only be by a preponderance of evidence, and such as to satisfy and produce conviction in an unprejudiced mind. The law does not require demonstration, or absolute certainty, because such proof is rarely possible. Moral certainty only is required. We must call in aid of the verdict all deductions which the jury could make from the facts proved. Nearly all cases are determined on the reasonable probability of the fact being as found. Human laws and institutions are not perfect, and with the most careful vigilance of the judge, and the most conscientious discharge of their duty by twelve men duly sworn, the final result in most cases is but an approximation. In the present case it has not been demonstrated beyond doubt that the fire was caused by sparks escaping from defendant's engine, but a fire did occur, and originated on or near defendant's right of way, on which was a large quantity of dry grass; it was seen almost immediately after defendant's engine had passed. Plaintiff's property was destroyed. The reasonable probability that the fire was caused by sparks from defendant's passing engine has been determined by the agreement of twelve men. This is one of the methods the law has provided for the settlement of questions of fact, and we cannot set aside the verdict of the jury when supported by such evidence as herein indicated. It is true that the evidence of the defendant showed that the engine was an oil burner in first-class condition. Two engineers of

defendant testified that they had never known of sparks escaping from an oil-burning engine and setting fire to grass on the road. But, as we have said, the evidence is sufficient to justify the jury in finding that the fire was caused by defendant's passing engine. To allow sparks to escape from an engine in full blast, and to allow dry grass on its right of way on which the sparks could fall and kindle the fire, are sufficient facts from which to infer negligence, and to overcome evidence as to the engine being a first-class, properly equipped engine, with proper apparatus to prevent the escape of sparks.

It is claimed that the court erred in modifying instruction number 13, by inserting the words "one or" after the word "in" and before the word "both." We have examined the instruction at the folio cited, and there is nothing to show that it was modified, or that it was ever offered in words different from those in which it was given. In fact it does not appear at whose request the instruction was given.

Objection is further made to instructions numbered 8 and 9, and such objection goes to the point that, after the court had called the attention of the jury to the law, that if the jury found certain stated facts, they should find for the plaintiff unless they should find "that plaintiff's own negligence" contributed to the spreading of the fire to plaintiff's land. It is claimed that the instruction as to contributory negligence on the part of the plaintiff should have included his "agents or employees." It is sufficient to say that the instruction was correct as far as it went; and if the facts were such as to justify a further specific mention of the agents or employees of the plaintiff, the defendant should have requested such instruction. Objection cannot be made here for the first time that a certain instruction, which was correct in general, should have been more explicit and specific as to some particular theory claimed by one of the parties.

We find no error in the case, and the judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 13, 1909.