[S. F. No. 22228. In Bank. Aug. 15, 1966.]

ROSE E. SEELEY et al., Plaintiffs and Respondents v. JOHNNY COMBS, Defendant and Appellant.

McCormick, Barstow, Sheppard, Coyle & Best and William B. Boone for Defendant and Appellant.

Peckinpah, Fryer & Karr and F. John Karr for Plaintiffs and Respondents.

PETERS, J.—Defendant Combs appeals from a judgment against him and in plaintiffs' favor[1] for damages for the destruction by fire of a barn and certain other property. The court, sitting without a jury, found that the fire was caused by the negligence of defendant Combs in operating a truck rented from the codefendant The Hertz Corporation. Appellant Combs attacks this judgment, mainly on the ground that the findings are not supported by the evidence. ▪ Such a judgment, when attacked on evidentiary grounds, must be affirmed when there is any evidence, direct or circumstantial, to support the findings of the trial court. Stated negatively, such a judgment cannot be reversed unless there is no evidence, direct or circumstantial, to support the findings. These rules are elementary.

In the instant case there was no direct evidence as to what caused the fire to start. Such evidence as exists is entirely circumstantial, and largely based on the inferences permissible under the doctrine of res ipsa loquitur. Appellant Combs asked for and secured from the trial court specific findings of

---

[1] The Hertz Corporation also purports to appeal from that judgment. An examination of the judgment discloses that it is silent as to any liability of The Hertz Corporation to anyone. The purported appeal by it should be dismissed.

negligence and proximate cause under section 634 of the Code of Civil Procedure. The appellant seems to contend that such specific findings cannot be supported by circumstantial evidence, at least where that evidence depends on the inferences raised by the doctrine of res ipsa loquitur. It is urged that the inferences created by the doctrine of res ipsa loquitur cannot be used in a nonjury case to support specific findings made under section 634. Appellant also contends that the doctrine of res ipsa loquitur is not here applicable.

Both contentions are unsound. Direct evidence is not required to support specific findings made under section 634. The doctrine of res ipsa loquitur is applicable to the facts of this case. That doctrine furnishes the inferences that support the specific findings of negligence and proximate cause.

 The inferences resulting from the application of the doctrine of res ipsa loquitur are but a form of circumstantial evidence. The use of that battered and somewhat ambiguous phrase does not change the fact that what we are talking about is a special application of the rules surrounding the use and weight of circumstantial evidence (Prosser on Torts (3d ed. 1964) p. 217), and that the doctrine is applicable to nonjury as well as jury cases.

 As is later pointed out, all of the elements required by the cases to apply the doctrine are here present. In addition to the cases hereafter cited the following quotation from Prosser on Torts (3d ed. 1964) page 216 is peculiarly applicable : '' [I]t may be reasonable to infer . . . from the fact that soon after the passage of a train a fire started up beside the track, that it was caused by negligence in controlling sparks from the train.'' (See particularly the quotation from *Viera* v. *Atchison etc. Ry. Co.*, 10 Cal.App. 267 [101 P. 690], *infra*.)

Every point involved on this appeal was fully, properly, and correctly disposed of in the opinion written by the Honorable Frederick E. Stone for the intermediate appellate court when this case was there pending. That opinion is adopted as part of this opinion. It reads as follows (Cal.App.) [47 Cal. Rptr. 744, 745-748] :

This is an appeal from a judgment for damages for the destruction of a barn, hay, fencing, machinery and livestock, by a fire which the court, sitting without a jury, found was caused by the negligence of defendant Combs in hauling hay into the barn by truck.

Plaintiff Bolinger, manager of a ranch owned by plaintiff

Seeley, made arrangements with Combs to haul hay from the field and stack it in the Seeley barn according to Bolinger's instructions. The barn was 60 by 60 feet, with a high central portion in which hay was stored, and a lower covered section at each side for livestock, used at the time as pigpens. Defendant and his helper stacked the baled dry oat and vetch hay in the barn after the truck was backed through a central door 20 feet high and 10 feet wide. On the morning of the fire hay was stacked flush with the door on both sides and in the passageway from the back to within 15 feet of the door, leaving a space approximately 10 by 15 feet surrounded on three sides by hay stacked to the rafters. The truck was being backed into this space when the fire started.

Defendant brought in the third load of the morning, swung the truck about in order to back into the barn, shut off the motor and released the ropes holding the load. He then started the motor, backed the truck into the barn which was strewn with loose hay, and when the loaded truckbed was completely inside the barn, heard his helper shout that the barn was on fire. Stepping out onto the running board, defendant saw smoke coming from the right rear side of the truck. He got back into the cab, drove the truck clear of the barn, stepped out, looked back and observed flames leaping up the hay on the passenger side of the truck. At the time of trial the whereabouts of defendant's helper was unknown, so we do not have the benefit of his testimony.

Pursuant to Code of Civil Procedure section 634, defendant requested special findings of fact. After a hearing thereon and on objections to proposed findings, the trial court found: "V. That on the 6th day of June, 1962, the defendant JOHNNY COMBS negligently drove said motor vehicle into the said barn which contained inflammable material, to wit: loose hay and straw at which time hot gas and sparks emanated from the exhaust system of the truck, which caused the said hay to ignite, proximately causing the damage hereinafter set forth."

Since no one saw the fire start, the finding, if it is to be sustained, must rest on circumstantial evidence. Defendant argues that it cannot because, first, fundamentally specific findings of causation are incompatible with the doctrine of res ipsa loquitur; second, even though res ipsa loquitur is applicable, the circumstantial evidence reflected by the record is not substantial.

As to the first point, neither side has cited us a case, and we

find no authority construing the effect of a specific finding of causation upon the applicability of res ipsa loquitur. There are two analogies, however, which point toward an answer to the question. One is the line of cases pointed up by *Di Mare* v. *Cresci*, 58 Cal.2d 292, 299 [23 Cal.Rptr. 772, 373 P.2d 860], holding that the introduction of evidence of specific acts of negligence does not deprive a plaintiff of the benefit of the doctrine of res ipsa loquitur unless the facts as to the cause of the accident and the care exercised by the defendant are shown as a matter of law so that justification for resort to the inference of negligence is eliminated. The other line of cases uphold jury verdicts by applying the doctrine of res ipsa loquitur even though the doctrine was not invoked in the trial court or on the appeal, and in the absence of instructions on the subject. The Supreme Court said, in *Rogers* v. *Los Angeles Transit Lines*, 45 Cal.2d 414, at page 418 [289 P.2d 226]: "While it would appear that the doctrine of res ipsa loquitur is clearly applicable as between plaintiff and Feb and Transit Lines, plaintiff did not invoke the doctrine either in the trial court or on this appeal. It may be relied upon, however, to support a judgment even though plaintiff offers no jury instruction on the subject and none is given."

▮ With these principles in mind, we turn to the finding in question and note, first, the classic rule that findings must state ultimate facts; they should not relate the evidentiary facts relied upon by the court to reach the ultimate facts. We see no reason for holding that a court cannot derive a specific ultimate fact from circumstantial evidentiary facts. If the critical evidence as to an issue is largely circumstantial, as sometimes happens, it is the only way that a court can comply with Code of Civil Procedure section 634 and make specific findings of ultimate facts. Had the case been tried to a jury rather than to the court and a plaintiff's verdict returned, there is no question that res ipsa loquitur would apply. (*Wolfsmith* v. *Marsh*, 51 Cal.2d 832, 835 [337 P.2d 70, 82 A.L.R.2d 1257]; *Kenna* v. *Scales*, 61 Cal.2d 779, 783 [40 Cal.Rptr. 65, 394 P.2d 809].) ▮ By parallel reasoning, the doctrine of res ipsa loquitur applies to circumstantial evidentiary facts from which specific ultimate facts are inferred by a trial judge. We find support for this reasoning in *Bruce* v. *Ullery*, 58 Cal.2d 702, wherein the Supreme Court said, at page 711 [25 Cal.Rptr. 841, 375 P.2d 833]: "Furthermore, negligence may be proved circumstantially like any other issue of fact, and indirect evidence may outweigh direct evidence on the contested point. [Citation.] As we said in *Gray* v. *Southern*

*Pac. Co.* (1944) 23 Cal.2d 632 [145 P.2d 561], at page 641: The jury 'could reject positive testimony and accept circumstantial evidence as proof of the facts, as it is elementary that direct evidence may be disbelieved and contrary circumstantial evidence relied upon to support a verdict or finding.' ''

Nor does the fact that this case involves a fire make the doctrine of res ipsa loquitur inapplicable. In *Greening* v. *General Air Conditioning Corp.*, 233 Cal.App.2d 545, the court observed, at page 552 [43 Cal.Rptr. 662] : ''Fire damage cases have no peculiar characteristics isolating them from res ipsa loquitur.''

Before considering the sufficiency of the evidence in detail, we note that the three conditions upon which the applicability of res ipsa loquitur rests were present. (See *Ybarra* v. *Spangard*, 25 Cal.2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258].) First, fires do not ordinarily occur during the loading or unloading of bales of hay in a barn, in the absence of someone's negligence. (*Keena* v. *Scales, supra,* at p. 782.) Second, the barn, the hay, and the truck were within the exclusive control of defendant at the time the fire was discovered. (*Shahinian* v. *McCormick*, 59 Cal.2d 554, 559 [30 Cal. Rptr. 521, 381 P.2d 377] ; *Exploration Drilling Co.* v. *Heavy Transport, Inc.*, 220 Cal.App.2d 397 [33 Cal.Rptr. 747] ; *Hansen* v. *Matich Corp.*, 234 Cal.App.2d 129 [44 Cal.Rptr. 149].) Third, there was no evidence that any act on the part of plaintiffs contributed to the cause of the fire.

The evidentiary facts upon which the trial court predicated the finding of ultimate fact to which defendant objects, disclose that defendant was hauling the third load of baled hay that morning with resultant hot exhaust when he backed the truck into a 10-by-15-foot area surrounded on three sides by readily combustible dry oat and vetch baled hay stacked from the floor to the rafters, cutting off any circulation of air. Further, the high roof in the center section of the barn sloped downward to cover the cattle sheds on each side, so that the sides of the roof were lower than the center, thus trapping the hot air. The truck was closing up the small area, backing over a floor littered with fragments of dry oat and vetch hay that was even more combustible than the baled hay because of its looseness and tendency to waft from the force of the exhaust.

Defendant introduced evidence that the truck muffler protected against sparks and an experiment indicating that hot gas from the exhaust would not ignite a gasoline-soaked rag.

The evidence does not reflect that this experiment was conducted under conditions similar to those existing at the time the fire broke out. There is nothing to indicate that the truck had been driven the equivalent of three round trips, picking up and unloading hay, with the consequent heating from heavy-duty hauling. No dry oat or vetch hay was placed near the exhaust, nor was the test conducted in a 10-by-15-foot area surrounded on three sides by baled hay stacked to the rafters and covered by a sloping roof that prevented circulation of air and, further, with the truck gradually backing into and filling up the 10-by-15-foot area.

Defendant points out that the fire started on the right side of the truck, while the exhaust pipe and muffler were located near the left side, but that is not conclusive since gases being forced out the exhaust might blow the hay fragments in any direction. Defendant also argues that hay is frequently ignited by spontaneous combustion. We are not told, however, whether spontaneous combustion occurs in a cleared area such as that between the truck and the stacked hay, as well as in the interior of a stack of hay where gases are generated by compression and heat.

The possibilities put forward by defendant do not, as a matter of law, demonstrate that the fire could not have been caused as found by the court under the doctrine of res ipsa loquitur. (*Rose* v. *Melody Lane,* 39 Cal.2d 481, 487 [247 P.2d 335]; *Leet* v. *Union Pac. R.R. Co.,* 25 Cal.2d 605, 622 [155 P.2d 42, 158 A.L.R. 1008].)

On the other hand, the evidence that supports the findings is substantial, even though it is circumstantial. In *Viera* v. *Atchison, Topeka & Santa Fe Ry. Co.,* 10 Cal.App. 267 [101 P. 690], the court in considering circumstantial evidence under circumstances quite similar to those before us said, at page 269: "We apprehend that there are few cases of damage caused by a defendant's negligence in setting fire, or allowing it to escape, in which anyone actually saw the fire at the moment it escaped, or the place when it first started. It was the duty of the jurors to ascertain the truth as to every fact in issue, and from experience and common knowledge to make reasonable inferences from such fact or facts. The burden was upon plaintiff to prove that the fire was caused by defendant; that it was also due to defendant's negligence; but such proof need only be by a preponderance of evidence, and such as to satisfy and produce conviction in an unprejudiced mind. The law does not require demonstration, or absolute

certainty, because such proof is rarely possible. Moral certainty only is required. We must call in aid of the verdict all deductions which the jury could make from the facts proved. Nearly all cases are determined on the reasonable probability of the fact being as found. Human laws and institutions are not perfect, and with the most careful vigilance of the judge, and the most conscientious discharge of their duty by twelve men duly sworn, the final result in most cases is but an approximation. In the present case it has not been demonstrated beyond doubt that the fire was caused by sparks escaping from defendant's engine, but a fire did occur, and originated on or near defendant's right of way, on which was a large quantity of dry grass; it was seen almost immediately after defendant's engine had passed. Plaintiff's property was destroyed. The reasonable probability that the fire was caused by sparks from defendant's passing engine has been determined by the agreement of twelve men. This is one of the methods the law has provided for the settlement of questions of fact, and we cannot set aside the verdict of the jury when supported by such evidence as herein indicated.'' (See also *Dibble* v. *San Joaquin Light & Power Corp.*, 47 Cal.App. 112 [190 P. 198]; *W. B. Camp & Sons, Inc.* v. *Turner Steel etc. Co.*, 141 Cal.App.2d 569, 571 [297 P.2d 125].)

Once it is determined there is substantial evidence to support the inference drawn by the court, the inference is itself evidence. (*Ales* v. *Ryan*, 8 Cal.2d 82, 99 [64 P.2d 409]; *Druzanich* v. *Criley*, 19 Cal.2d 439, 445 [122 P.2d 53]; *Gerhardt* v. *Fresno Medical Group*, 217 Cal.App.2d 353, 361 [31 Cal.Rptr. 633].) In these circumstances the rule governing appellate review is as stated in *Smith* v. *Bull*, 50 Cal.2d 294, at page 306 [325 P.2d 463]: ''When there is substantial evidence or any inference to be drawn from the evidence to support the findings of the trial court, an appellate court will not make determinations of factual issues contrary to those made by the trier of fact.''

The purported appeal by The Hertz Corporation is dismissed; the judgment against appellant Combs is affirmed.

Tobriner, J., Peek, J., and Mosk, J., concurred.

BURKE, J.—I dissent. In my opinion the evidence in this case totally fails to support the trial court's special finding that the fire was caused by the negligence of defendant Combs in driving the truck into the barn ''which contained inflam-

mable material, to wit: loose hay and straw at which time hot gas and sparks emanated from the exhaust system of the truck, which caused the said hay to ignite. . . ."[1]

No witness was produced who saw the fire start. Although obviously "hot gas" emanates from an exhaust pipe while any internal combustion engine is running, there was no evidence whatever that such gases would cause the hay to ignite or that defendant's truck gave off sparks from its exhaust system at the time of the fire or at any other time. On the contrary, the only evidence on the subject showed that the vehicle was properly equipped with a muffler, which operated to lower the exhaust pressure, cool the gases, and arrest sparks. Such a muffler has been declared by statute in California (Pub. Resources Code, § 4167) to be an adequate spark arresting device for use on trucks operated on forest, brush, or grass-covered lands even during periods of unusual fire hazard conditions.

A firetruck driver from the State Division of Forestry arrived on the scene within minutes after the blaze was discovered, examined the muffler, and found nothing wrong with it; the same witness observed that the exhaust system was on the left side of the truck whereas defendant had informed him that the fire started on the right side. A representative of Hertz Corporation from whom defendant Combs had rented the truck testified that while the truck was in *the same condition* as at the fire, the exhaust and muffler system was carefully checked. No leaks were found, and the vehicle could not be made to backfire. Hertz mechanics also tried to ignite a gasoline-soaked rag "by holding it immediately behind the exhaust pipe, the tail pipe, with the motor running at different speeds from idle right through its full r.p.m., and nothing happened." It would appear to be a matter of common knowledge that a gasoline-soaked rag is at least as combustible as the "dry oat and vetch hay" in plaintiffs' barn. The Hertz representative further testified that trucks such as that used by Combs are customarily rented by Hertz to the United States Forestry Service each year to fight fires and are used "in the hills when the fire hazard is the greatest. . . . They

---

[1]This finding was made in response to defendants' request for special findings "as to how or in what respect or in what manner it is found that defendants were negligent, and as to how or in what manner or in what respect any such negligence was a proximate cause of the fire and damage claimed, and as to what act, omission, conduct or condition is found to have been negligently done, omitted or maintained, and as to what act, omission, conduct or condition is found to have caused the fire and the claimed damages."

have never asked us to install any fire prevention other than what is on the trucks, and to my knowledge there is none on their own trucks.''

There is thus a total absence of evidence to support the court's specific finding that the hay was ignited by ''hot gas and sparks [which] emanated from the exhaust system of the truck.'' Nor can the judgment be supported by resort to the doctrine of res ipsa loquitur. As a general rule, res ipsa loquitur applies where the accident is of such a nature that it can be said, in the light of past experience, that it probably was the result of negligence by someone and that the defendant is probably the person who is responsible. (*Di Mare* v. *Cresci* (1962) 58 Cal.2d 292, 298-299 [5] [23 Cal.Rptr. 772, 373 P.2d 860], and cases there cited.) Although it has been held that if that doctrine is applicable it may be relied upon in support of a jury verdict even though plaintiff offers no instruction on the subject and none is given (see *Rogers* v. *Los Angeles Transit Lines* (1955) 45 Cal.2d 414, 418 [3] [289 P.2d 226]; *Jensen* v. *Minard* (1955) 44 Cal.2d 325, 329 [5, 6] [282 P.2d 7]; *Rose* v. *Melody Lane* (1952) 39 Cal.2d 481, 488 [10] [247 P.2d 335]), such an approach is obviously not appropriate when as here the trial was by the court without a jury and specific findings were made following request pursuant to the provisions of Code of Civil Procedure section 634.[2] Under such circumstances that section prohibits inferred findings against appellant on the issue in question. (See *City of National City* v. *California Water & Tel. Co.* (1962) 204 Cal.App.2d 540, 545 [2, 3] [22 Cal.Rptr. 560]; *Calloway* v. *Downie* (1961) 195 Cal.App.2d 348, 353 [5] [15 Cal.Rptr. 747]; *Kerr Land & Timber Co.* v. *Emmerson* (1965) 233 Cal.App.2d 200, 222 [15-17], 230-231 [33] [43 Cal.Rptr. 333]; *Corrigan* v. *Stiltz* (1965) 233 Cal.App.2d 381, 384 [43 Cal.Rptr. 548]; *Garber* v. *City of Los Angeles* (1964) 226 Cal.App.2d 349, 354-356 [7-9] [38 Cal.Rptr. 157].) Plaintiffs point out that the court made both a specific and a general finding of negligence. The general finding was merely that the paragraphs of the complaint which charged that defendants negligently maintained and operated the truck and negligently ''conducted themselves''

---

[2]Section 634 in pertinent part: ''If upon appeal . . . it appears that the court has not made findings as to all facts necessary to support the judgment, or that the findings are ambiguous or conflicting upon a material issue of fact, the [appellate] court . . . shall not infer that the trial court found in favor of the prevailing party on such issue if it appears that the [appellant] . . . made a written request for a specific finding on such issue . . . prior to the entry of judgment . . . .''

on plaintiffs' premises "are true, except as they are inconsistent with" the specific findings. However, under section 634 it is the specific finding on the negligence issue to which plaintiffs must look in support of the judgment, rather than to general findings touching on the same issue. (*City of National City* v. *California Water & Tel. Co.* (1962) *supra*, 204 Cal. App.2d 540, 545 [2, 3]; see also *San Bernardino Valley Water Dev. Co.* v. *San Bernardino Valley Mun. Water Dist.* (1965) 236 Cal.App.2d 238, 267-268 [45 Cal.Rptr. 793].) It is worthy of note that although trial briefs submitted by the parties argued the res ipsa loquitur theory in considerable detail the court made no specific finding responsive to that argument, but instead expressly found that the hay had been caused to ignite by "hot gas and sparks" emanating from the truck's exhaust system. It is therefore unnecessary to determine whether under the circumstances of this case the res ipsa loquitur doctrine applied and whether findings based on that doctrine would find support in the evidence.

I would reverse the judgment.

Traynor, C. J., and McComb, J., concurred.