Scott and Ilene COX, Appellants,

v.

Robert STAFFORD, Jr., Appellee.

Court of Appeals of Kentucky.

Nov. 27, 1970.

Paul W. Blair, Morehead, for appellants.

Lewis A. White, Mt. Sterling, for appellee.

DAVIS, Commissioner.

The appellants, Scott and Ilene Cox, owned real and personal property which was destroyed by fire emanating from a truck owned and operated by appellee Stafford. Upon a trial of appellants' claim for damages, a jury returned its verdict in favor of appellee. The appellants contend that the trial court erred to their

prejudice in that (1) the court refused a proffered instruction presenting the theory of res ipsa loquitur; (2) an instruction given over appellants' objection was erroneous; and (3) the verdict is not sustained by sufficient evidence.[1]

In early December 1968, Stafford was driving his 1964 International truck along State Highway 32 when he noted smoke and some flames along the floor and under the passenger's seat in the truck cab. Stafford said that he was traveling at a speed of about 35 m.p.h. when he discovered the fire; he slowed the truck to a speed of about 15–20 m.p.h., turned the steering wheel to the right, and jumped from the cab. Although the truck was equipped with an emergency brake, Stafford made no effort to use it. He explained that he could have stopped the vehicle, but feared that leaving it on the highway would endanger other traffic.

On the bed of the truck, Stafford had placed a farm tractor (containing diesel fuel), a 55-gallon drum of diesel fuel, and two or three five-gallon cans filled with gasoline. The gasoline cans were situated just behind the cab; Stafford was not sure whether all of the gasoline cans were sealed. In fact, he said that the spout cap for one was missing, and he "couldn't say" whether the spout had been sealed with a rag or twisted paper. There was a hole in the rear of the cab through which gasoline on the truck bed could have flowed. Stafford testified that he did not know whether the fire was coming into the cab through that hole.

Stafford said he was about 300 yards away from appellants' building when he noticed the smoke and fire. After he jumped out, he noted that the truck straightened up and rolled to a stop some six feet away from the house of appellants, situated off the right side of the road in the direction of Stafford's travel. More than thirty minutes elapsed from the truck's stop until appellants' house was ignited, but the people who assembled were understandably afraid to approach the truck for fear of possible explosion.

Nobody fixed the exact origin or cause of the fire. However, Stafford fairly well established that the fire did not originate in the motor or from defective brakes on the truck. Indeed, the rather clear inference from Stafford's testimony is that the fire started on the truck bed, just behind the cab—or precisely where the two or three gasoline cans were loaded.

Fred Ison testified that he was trailing Stafford's truck for some distance, at a speed of only 20 m. p. h., and that he observed smoke from the Stafford vehicle before it got to appellants' building. Ison's testimony included the following questions and answers:

"Q: When you first saw the truck, after you saw the smoke was it then down by the building hung on this, whatever it was hung on?

A: No.

Q: You saw it before it got to the building?

A: Yeh, when we was winding around them hills and curves.

Q: You saw the smoke coming out of it?

A: It was smoking, I thought it was burning oil or, you know, needed rings or something."

Ison also stated that the smoke appeared to come from behind the cab, in front of the tractor.

■ Appellants tendered instructions incorporating the doctrine of res ipsa loquitur, which the trial court refused to give. Instead, the court gave a "sudden emer-

1. Of course, a verdict for the defendant need not be sustained by sufficient evidence, since the plaintiff bears the risk of nonpersuasion.

gency" instruction, the opening portion of which provided:

"When the defendant, Stafford, was confronted with the sudden emergency or what he believed in the exercise of a reasonable judgment to be a sudden emergency, by his truck catching on fire, it was the duty of the defendant * * * [to exercise reasonable care, but he was not required to adopt the best course possible in view of the emergency]."

The effect of the court's instruction was to inform the jury that Stafford was confronted with a sudden emergency, not occasioned by prior fault on his part. This follows because it is well settled that a defendant may not assert "sudden emergency" if that defendant's own negligence created the emergency. Ryan v. Payne, Ky., 446 S.W.2d 273, 276. 3 Ky. Digest, Automobiles, ☞159.

This was erroneous, because the testimony of Ison warranted an inference that the truck was on fire for some appreciable time before Stafford noticed it, and it overlooks the question of Stafford's prior negligence in transporting an open gasoline can on the open truck bed. In neither event could Stafford invoke the doctrine of "sudden emergency." Certainly, it was inappropriate for the court to determine, as a matter of law, that Stafford was confronted with a "sudden emergency" in the circumstances.

■ The requirements which must be met in order to invoke the res ipsa loquitur doctrine have been noted by this and other courts as being: (1) The defendant must have had full management of the instrumentality which caused the injury; (2) the circumstances must be such that, according to common knowledge and the experience of mankind, the accident would not have happened if those having control and management had not been negligent; (3) the plaintiff's injury must have resulted from the accident. Cox v. Wilson, Ky., 267 S.W.2d 83, 44 A.L.R.2d 830; Vernon v. Gentry, Ky., 334 S.W.2d 266.

Obviously, tests one and three are met. It seems plain that test two is also satisfied. While it may be conceded that motor vehicles sometimes catch fire without any apparent reason attributable to negligent conduct, the circumstances of the fire on Stafford's truck present a different picture. As noted, Stafford himself undertook to refute the idea that the fire started in the motor or from the brakes. Indeed, there is no suggestion that any mechanical or electrical failure was responsible for the fire. In short, in the realm of common knowledge and the experience of mankind, a fire on the open bed of a truck usually does not occur absent negligence of the person having management and control of the truck. At the very least, a jury could reasonably conclude from all the circumstances of this incident that the fire was caused as the result of Stafford's negligently permitting gasoline to be sloshed upon the frame bed of the truck. Stated another way, the facts here were not so clear that the court should rule as a matter of law that reasonable men could *not* determine that the fire had its origin in negligently spilled gasoline. Cf. Phoenix Assur. Co., Limited, of London v. Texas Holding Co. (1927), 81 Cal.App. 61, 252 P. 1082.

In 8 A.L.R.3d 988, in discussing loss by fire, it is written:

"In most American jurisdictions the doctrine of res ipsa loquitur is generally available in establishing a cause of action based on negligence, assuming, of course, that the various elements of the doctrine are demonstrated in the particular case."

Support of that view is found in 35 Am. Jur.2d, Fires, Section 51, pp. 630–631. See also Seeley v. Combs (1966), 65 Cal.2d 127, 52 Cal.Rptr. 578, 416 P.2d 810.

If the evidence is substantially the same upon another trial, and appropriate requests are made, the court will instruct the jury:

1. It was the duty of the defendant at the time and place concerning which you

have heard evidence to exercise ordinary care in the loading and transporting of gasoline or other inflammable materials, and it was his further duty to exercise ordinary care generally in operating said truck so as to prevent its catching fire and coming into dangerous proximity to property along the roadside, including the property of the plaintiffs; if you believe from the evidence that the defendant failed to perform one or more of said duties, and that as the direct and proximate result of such failure the property of the plaintiffs was damaged, then the law of this case is for the plaintiffs, and you should so find; unless you so believe, you should find for the defendant.

2. Even though you believe that the fire upon defendant's truck was not caused by the negligence of the defendant in loading or transporting gasoline or other highly inflammable material, it was the duty of the defendant when he discovered, or in the exercise of ordinary care, should have discovered, the fire upon his truck to exercise that degree of care usually exercised by ordinarily prudent persons in the same or similar circumstances, to protect the lives and property of others, including the property of the plaintiffs, by such means as he had at hand from injury by reason of the burning truck, but the defendant had the right to follow such course as a reasonably prudent person would follow in similar circumstances, and was not required to adopt the best possible course.

The usual instructions on measure of damages, definition of negligence, and requirements for making a verdict should be given in addition.

The view expressed makes it unnecessary to determine whether the verdict was sustained by sufficient evidence.

The judgment is reversed for proceedings consistent with the opinion.

All concur.