[No. B227276. Second Dist., Div. Six. July 5, 2011.]

COUNTY OF KERN, Plaintiff and Appellant, v.
DAVID F. JADWIN, Defendant and Respondent.

**COUNSEL**

Law Offices of Mark A. Wasser and Mark A. Wasser for Plaintiff and Appellant.

Law Offices of Eugene Lee, Eugene D. Lee; Ferguson, Case, Orr, Paterson, Wendy C. Lascher and John A. Hribar for Defendant and Respondent.

**OPINION**

**YEGAN, J.**—Post hoc, ergo propter hoc is a Latin phrase "used in logic to describe the fallacy of thinking that a happening which follows another must be its result . . . ." (Webster's New World Dict. (2d College ed. 1989) p. 1113, col. 1.) In other words, the propinquity of two events does not necessarily establish cause and effect. The key word here is "necessarily." County of Kern (County) argues that its filing of a False Claim Act (FCA; Gov. Code, § 12650 et seq.) against its former employee was not, and is not, a result of the employee's federal lawsuit against it.[1] At oral argument, County adamantly claimed that the two lawsuits have nothing to do with each other. But, as we shall explain, a trier of fact, i.e., the superior court, factually found that the propinquity of these two lawsuits was not a mere happenstance. Instead, it expressly found that the FCA complaint was filed to harass

---

[1] All statutory references are to the Government Code unless otherwise stated.

the employee and that it was frivolous. (§ 12652, subd. (g)(9).) It impliedly found that maintaining the FCA action was caused by the employee's lawsuit against County.

County "has no appreciation for the trial court's order which can only be viewed as an adverse factual finding." (*In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095, 1099 [125 Cal.Rptr.3d 238].) Where, as here, circumstantial evidence supports the adverse factual finding, it should be, and will be, affirmed on appeal. (*Ibid.*) We affirm the order awarding Doctor David F. Jadwin $50,820 in attorney fees under the FCA.

## Facts and Procedural History

Jadwin is the former chairman of the pathology department at Kern Medical Center, a hospital owned and operated by County. In 2006, County placed Jadwin on paid administrative leave after he complained about deficient patient care and hospital regulatory violations.

Jadwin sued County in federal court for employment retaliation, denial of his due process rights, and violation of federal and state employment laws. (*Jadwin v. County of Kern* (E.D.Cal., No. 1:07-cv-0026 OWW DLB).) While the federal lawsuit was pending, Jadwin remained on administrative leave and attended continuing medical education classes. He requested that County reimburse him for the continuing education and travel-related expenses which totaled $3,125.

County did not pay this claim and instead sued Jadwin in state court based on the theory that he falsely requested $3,125 in reimbursement within the meaning of the FCA. (§ 12651, subd. (a).)[2] The action was transferred to Ventura County and assigned to mandatory judicial arbitration. (Code Civ. Proc., § 1141.11.)

---

[2] "Government Code section 12651, subdivision (a) states that a person who commits any of the 'acts' listed in subdivision (a) is liable for treble damages. Those 'acts' include knowingly presenting 'a false claim' and knowingly presenting 'a false record or statement to get a false claim paid or approved' . . . ." (*Fassberg Construction Co. v. Housing Authority of City of Los Angeles* (2007) 152 Cal.App.4th 720, 736 [60 Cal.Rptr.3d 375].) The California FCA is patterned from the federal False Claims Act (31 U.S.C. § 3730), which was enacted during the Civil War to stop "widespread fraud by government contractors who were submitting inflated invoices and shipping faulty goods to the government. [Citation.] . . . What constitutes the FCA offense is the knowing presentation of a claim that is either fraudulent or simply false. [Citation.]" (*U.S. ex rel. Hopper v. Anton* (9th Cir. 1996) 91 F.3d 1261, 1265–1266.)

Jadwin propounded discovery, including requests for admission (RFA's) and written interrogatories. The RFA's asked County to admit that Jadwin actually incurred the continuing education related expenses and to admit that he did not knowingly submit false reimbursement claims. County denied the RFA's, saying that "[w]e have no facts" and speculated that "Defendant may have knowingly submitted the false claims." Jadwin's motion to compel further responses was granted and County was ordered to pay $1,750 in sanctions.[3] Thereafter, on January 29, 2010, the arbitrator denied the FCA claim and awarded Jadwin statutory costs. County then filed a dismissal without prejudice.

Jadwin filed an ex parte application to vacate the dismissal. He claimed that County was making a "mockery of the judicial arbitration process" and trying to avoid entry of judgment and attorney fees. His attorney declared that County was retaliating against Jadwin for filing the federal action which resulted in a $505,457 judgment against it. County filed "the instant California False Claims Action against Dr. Jadwin in unlimited jurisdiction superior court, apparently in the hopes of recovering nominal damages . . . ."

County requested a hearing on the motion to vacate the dismissal. When the motion was argued, County claimed that the arbitrator "refused to allow" an indispensable witness, Chief Deputy Counsel Karen Barnes, to testify.

In his reply papers, Jadwin stated that County was granted numerous continuances and "the arbitrator held, not one, but *two* arbitration sessions: the first on 11/19/09 and the second on 1/18/10. Defendant [Jadwin] subpoenaed Ms. Barnes to appear at both arbitration sessions and she attended the first session. [County] had plenty of opportunity to examine Ms. Barnes at the 11/19/09 session but did not do so. [¶] In addition, when Ms. Barnes failed to show at the second session due to what [County] described as 'pre-existing work commitments', the arbitrator asked [County] to give an offer of proof as to Ms. Barnes' unavailability. [County] declined . . . . [¶] . . . [A]t the conclusion of the arbitration, Defendant invited [County] to state in closing argument whatever testimony Ms. Barnes would have given had she attended the second session, assuring [County] that he would not object. The arbitrator immediately agreed and added that he would in fact be 'very interested' to hear what Ms. Barnes 'essential' and 'indispensable' testimony would have been. [County] declined the invitation. [¶] [County's] insinuation that the arbitrator somehow denied [County] a fair trial by barring the testimony of Ms. Barnes is false and does a disservice to the arbitrator and to the arbitration process itself."

---

[3] Jadwin's motion to compel further interrogatory answers states that County was sanctioned $3,000 for similar discovery abuses in the federal action.

The trial court vacated the dismissal and entered judgment on the arbitration award. The trial court found that County did not have the unfettered right to dismiss the action to avoid entry of judgment or attorney fees. (See *Kelley v. Bredelis* (1996) 45 Cal.App.4th 1819, 1826–1827 [53 Cal.Rptr.2d 536].) The court noted that the arbitrator awarded Jadwin statutory costs and that "[a]ttorney fees may be recoverable as a cost, or by statute."

After Jadwin filed a costs memorandum and motion for $50,820 in attorney fees, County moved to tax costs. County opposed the motion for attorney fees arguing that the arbitrator made no findings that the FCA claim was frivolous, vexatious, or brought primarily for purposes of harassment.[4]

The trial court reviewed all the briefs and declarations and found that the FCA action was frivolous and brought to harass Jadwin. Relying on *Debro v. Los Angeles Raiders* (2001) 92 Cal.App.4th 940 [112 Cal.Rptr.2d 329], the trial court stated that County failed to investigate the FCA claim and that County's discovery responses were "evasive and conclusionary." County "filed the action as one of unlimited jurisdiction where it could never have reached the jurisdictional minimum of $25,000.00. . . . All of this paints a picture of a lawsuit filed without diligent investigation, and then maintained for purpose of harassing a defendant who had obtained a Federal Court judgment of $500,000.00 against it."

*Rules on Appeal*

The trial court's order is presumed to be correct on appeal and we indulge all intendments and inferences in favor of it. (E.g., *Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1449 [77 Cal.Rptr.2d 463].) When sitting on a law and motion matter, a superior court judge sits as trier of fact on a motion supported by declarations. (See *Reifler v. Superior Court* (1974) 39 Cal.App.3d 479, 483 [114 Cal.Rptr. 356]; *Kroopf v. Guffey* (1986) 183 Cal.App.3d 1351, 1356 [228 Cal.Rptr. 807].) An appellate court will indulge any legitimate and reasonable inference in favor of a trial court's express or implied finding. (*Hasson v. Ford Motor Co.* (1977) 19 Cal.3d 530, 544 [138

---

[4] County now contends that the evidence does not support the finding that the FCA complaint was frivolous. But the issue is waived. County opposed the motion for attorney fees on the sole ground that "[t]he arbitrator made no record of the arbitration, made no findings and provided no written decision. Using the Judicial Council 'Award of Arbitrator' form, the arbitrator simply checked boxes on the form . . . . He wrote nothing, provided no rationale for the award and did not explain it." County is not permitted to change theories on appeal. (E.g., *People v. Borland* (1996) 50 Cal.App.4th 124, 129 [57 Cal.Rptr.2d 562].) But even on the merits, the contention fails.

Cal.Rptr. 705, 564 P.2d 857]; *Estate of Bristol* (1943) 23 Cal.2d 221, 223 [143 P.2d 689]; *State Farm Fire & Casualty Co. v. Jioras* (1994) 24 Cal.App.4th 1619, 1621 [29 Cal.Rptr.2d 840].)

The trial court's ruling that County's action is frivolous is reviewed under the abuse of discretion standard. (See, e.g., *Mikes v. Straus* (2d Cir. 2001) 274 F.3d 687, 704.) Thus, unless the trial court's discretionary ruling is arbitrary, whimsical, capricious, or exceeds the bound of reason, it will be upheld on appeal. (*Estate of Gilkison, supra*, 64 Cal.App.4th at pp. 1448–1449.)

### Attorney Fees Under the FCA

■ When the FCA complaint was filed, former section 12652, subdivision (g)(9) provided that a trial court may award the prevailing defendant attorney fees if "the claim was clearly frivolous, clearly vexatious, or brought for purposes of harassment."[5]

There are no published California cases construing this section but there are federal cases construing the federal False Claims Act which contains a similar provision for attorney fees. (31 U.S.C. § 3730(d)(4).) Because California's FCA is patterned after the federal False Claims Act, cases construing the federal False Claims Act provide guidance. (See *State of California v. Altus Finance* (2005) 36 Cal.4th 1284, 1299 [32 Cal.Rptr.3d 498, 116 P.3d 1175].)

■ Federal courts have held that an FCA claim "is frivolous when, viewed objectively, it may be said to have no reasonable chance of success . . . ." (*Mikes v. Straus, supra*, 274 F.3d at p. 705; see *U.S. ex rel. Vuyyuru v. Jadhav* (4th Cir. 2009) 555 F.3d 337, 356.) County's FCA complaint is devoid of facts and states, in a conclusory fashion, that the continuing education expenses were "unauthorized" and "false claims." The record does not show that County ever produced evidence that Jadwin knowingly submitted a false claim, that the requests for reimbursement were false, or that it suffered damages.

---

[5] Former section 12652, subdivision (g)(9) states: "If the state, a political subdivision, or the qui tam plaintiff proceeds with the action, the court may award to the defendant its reasonable attorney's fees and expenses against the party that proceeded with the action if the defendant prevails in the action and the court finds that the claim was clearly frivolous, clearly vexatious, or brought solely for purposes of harassment." Effective January 1, 2010, the last line was amended to permit attorney fees where the action was "brought *primarily* for purposes of harassment." (Italics added.)

County calls the frivolous finding a "double whammy." We understand it to argue that the "first whammy" is a "check the box" Judicial Council form with no findings. But that is true in every judicial arbitration. There is no transcript or record of the arbitration proceedings (Cal. Rules of Court, rule 3.824(b)(2) & (3)) and the arbitrator is not required to make findings of fact or conclusions of law (Cal. Rules of Court, rule 3.825(a)(2)).

■ The "second whammy" is based on the theory that County has been found to have filed a frivolous lawsuit without an adequate opportunity to present evidence. County argues that assignment of any FCA case to *mandatory* judicial arbitration deprives the trial court of jurisdiction to award fees to a prevailing defendant. Attorney fees, however, are an element of costs if authorized by statute. (Code Civ. Proc., § 1033.5, subd. (a)(10)(B); *Santisas v. Goodin* (1998) 17 Cal.4th 599, 606 [71 Cal.Rptr.2d 830, 951 P.2d 399].) Here, the arbitrator awarded Jadwin "statutory costs of suit." ■ "[A]bsent any statutory or judicial authority requiring the determination of costs to be made at the time of the arbitration award, a prevailing party is not precluded from claiming those costs by the procedure employed in similar circumstances after a civil judgment." (*Guevara v. Brand* (1992) 8 Cal.App.4th 995, 998 [10 Cal.Rptr.2d 780]; see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2010) ¶ 13:120.1, pp. 13-47 to 13-48 (rev. # 1, 2010).)

County argues that the trial court cannot award attorney fees based on a "mere glance at the record." We presume, and the record shows, that the trial court did not cavalierly make its ruling. It considered the procedural posture of the case and told County that it had "read and considered all briefs and declarations filed in this cause." The trial court afforded County the opportunity to present rebuttal evidence. If County possessed evidence that its complaint was not frivolous, it should have introduced such evidence. It did not do so.

■ County asserts that a FCA award for attorney fees is like a sanctions order and requires a showing of subjective bad faith. (Code Civ. Proc., § 128.5; *Dolan v. Buena Engineers, Inc.* (1994) 24 Cal.App.4th 1500, 1505–1507 [29 Cal.Rptr.2d 903].) Under the FCA, subjective bad faith is not required where the action is objectively frivolous or the complaint is "bereft of any objective factual support" and "clearly had no chance of success." (*Mikes v. Straus, supra*, 274 F.3d at p. 705.)

*Substantial Evidence*

■ County claims there is not a "shred" of admissible evidence to support the finding that the action was frivolous, vexatious, or retaliatory. But

substantial evidence includes circumstantial evidence and the reasonable inferences flowing therefrom. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11 [82 Cal.Rptr.2d 413, 971 P.2d 618].) "[T]he fact that evidence is 'circumstantial' does not mean that it cannot be 'substantial.' " (*Hasson v. Ford Motor Co., supra*, 19 Cal.3d at p. 548.) The trial court may draw reasonable inferences in making its factual determinations. While the timing of the two lawsuits does not necessarily establish cause and effect, a trier of fact may, and here did, draw such inference. A factual finding based upon the drawing of an inference is to be upheld on appeal. (See *Seeley v. Combs* (1966) 65 Cal.2d 127, 135 [52 Cal.Rptr. 578, 416 P.2d 810]; see also 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 376, pp. 434–435; *Garbell v. Conejo Hardwood, Inc.* (2011) 193 Cal.App.4th 1563, 1570 [122 Cal.Rptr.3d 856] [recognizing the fallacy of post hoc, ergo propter hoc but allowing the trier of fact to draw an inference based upon the timing of sequential events and other evidence].)

█ A vexatious lawsuit occurs where a plaintiff commences or continues to prosecute a lawsuit that lacks probable cause. (See, e.g., *Zamos v. Stroud* (2004) 32 Cal.4th 958, 960 [12 Cal.Rptr.3d 54, 87 P.3d 802] [malicious prosecution]; *U.S. ex rel. J. Cooper & Associates, Inc. v. Bernard Hodes* (D.D.C. 2006) 422 F.Supp.2d 225, 238 [FCA action].) "A view of the events from beginning to end enables the trier of fact to see their relationship to one another, and consequently their meaning and significance." (*Accardi v. Superior Court* (1993) 17 Cal.App.4th 341, 351 [21 Cal.Rptr.2d 292].)

Here, a review of the events from beginning to end shows: (1) After Jadwin filed suit in federal court, County filed its FCA complaint. (2) County filed its action in "unlimited" jurisdiction of the superior court even though the amount in controversy did not exceed $25,000. (See Code Civ. Proc., § 85, subd. (a).) (3) County did no investigation of the complaint. (4) County did not propound discovery on its complaint. (5) County was sanctioned for discovery abuse in the FCA matter as well as in the federal action. (6) County did not prevail in federal court. (7) County did not prevail in the arbitration proceeding. (8) County did not attempt to cure any deficiency in its presentation at the arbitration hearing when it was asked to do so by the arbitrator. (9) County transparently attempted to dismiss the FCA action to avoid judgment and the entry of an award of attorney fees. And (10) County offered no rebuttal evidence in the superior court when given the opportunity to make out a case against a finding of frivolousness.

█ In the words of the trial court, "all of this paints a picture" of a lawsuit filed and maintained for the purpose of harassing Jadwin. We see the same picture.

The judgment (order awarding fees and costs) is affirmed. Jadwin is awarded costs and reasonable attorney fees on appeal in an amount to be determined by the trial court on noticed motion.

Gilbert, P. J., and Coffee, J., concurred.